HAMNER v. MILLER et al.

(District Court, D. Delaware. January 12, 1920.)

No. 231.

ABATEMENT AND REVIVAL ⬤=64—DEATH OF ONE DEFENDANT DOES NOT ABATE AS TO CODEFENDANT SEVERALLY LIABLE.

The death pendente lite of one of two defendants jointly and severally liable does not affect the right of complainant to a decree against the remaining defendant.

In Equity. Suit by Charles D. Hamner, receiver of the First National Bank of Alma, Kan., against Charles R. Miller and others. On supplemental bill, praying for decree on original bill. Granted.

See, also, 207 Fed. 602; 265 Fed. ——.

Barber, Watson & Gibboney, of New York City (John F. Neary and Walter C. Sheppard, both of Wilmington, Del., of counsel), for complainant.

Saulsbury, Morris & Rodney, of Wilmington, Del., for defendant.

WITMER, District Judge. The plaintiff asks for a decree requiring the defendant Charles R. Miller to pay him the sum of $2,190, together with 6 per cent. interest, dating from December 22, 1900, found to be due and owing by him and James Bailey, jointly and severally, on final hearing of suit to which the bill under consideration is supplementary. Suit was originally instituted in 1902 by George C. Rankin, then re-

ceiver of the First National Bank of Alma, Kan. After some delay it was brought to issue and hearing was had, resulting in a decision, by Judge Bradford, in favor of the plaintiff, as appears from opinion filed July 15, 1913. 207 Fed. 602. No formal decree was then entered; Rankin, the plaintiff receiver, having resigned March 27, 1913, before decision was announced. Since then several motions or supplemental bills have been filed, substituting those as plaintiff who have succeeded to the receivership of the bank, in an effort to comply with the statutory requirements regarding the death or expiration of term of federal officers suing and being sued (Act Feb. 8, 1899, c. 121, Comp. Stat. § 1594), culminating in the supplemental bill filed by Charles A. Hamner, receiver, on direction of the court, August 19, 1918. See opinion of Judge McPherson, 265 Fed. ——.

In directing the filing of the plaintiff's supplemental bill, there was placed upon the record, I take it, a plaintiff entitled to be subrogated to all of the rights which the original plaintiff, receiver Rankin, had obtained under the decision upon final hearing on the merits in this case. Whether Judge Bradford was in error in holding the defendants Miller and Bailey jointly and severally liable to the plaintiff as tort-feasors for the amount of the assessment on the stock of the Alma Bank, in their hands as executors of the estate of the stockholder, Miller, will not be inquired of here. That has been adjudicated by another, and whether the present plaintiff is entitled to substitution and subrogation to the rights of the original plaintiff is equally well settled. All that does apparently remain is as to whether the present plaintiff shall succeed in obtaining a decree in conformity with the conclusion and decision reached by Judge Bradford. Why not?

It is argued that, Bailey having died pending the hearing and before decision announced by Judge Bradford, a final decree could not be entered against him, and that the right to such decree likewise lapsed as to Miller. This conclusion does not follow. Plaintiff's right of recovery is settled as to Miller or Bailey in manner of holding them liable, jointly or severally. Both or either are liable to the plaintiff for his claim in the opinion of the court. Since a decree cannot be obtained against Bailey personally, the plaintiff no doubt concludes to accept the alternative and pursue Miller. To this end this supplemental bill has been filed. Whatever may have transpired regarding Bailey, it would in nowise result in relief of Miller. It follows that a decree will be entered against Charles R. Miller, holding him liable to the complainant in the sum of $2,190, together with interest thereon from December 22, 1900, at the rate of 6 per cent. per annum, and further requiring the said defendant to pay, within 30 days from date of such decree, the costs of this suit and the moneys and interest thereby decreed to be paid; or attachment.

The decree may be framed if desired by defendant Miller, so as not to prejudice his right, if any, to contribution from defendant Bailey's estate, or from any other party to this suit who may be considered liable.